IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD STOECKLIN and | ) |
| PINDAI STOECKLIN, | ) **No. 08 C 3243** |
| | ) |
| Plaintiff(s), | ) |
| | ) JUDGE PALLMEYER |
| | ) |
| v. | ) Magistrate Judge Valdez |
| | ) |
| CITY OF CHICAGO and EDDIE M. | ) |
| YOSHIMURA, Star No. 2334, | ) **JURY DEMAND** |
| | ) |
| Defendant(s). | ) |

**DEFENDANT OFFICER YOSHIMURA'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Officer Yoshimura, ("Defendant Officer") by one of his attorneys, Mary McCahill, Assistant Corporation Counsel for the City of Chicago for his Answer to Plaintiffs' Complaint, Affirmative Defenses and Jury Demand, states as follows:

**Introduction**

1.     This action is brought pursuant to 42 U.S.C. Section1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.  Plaintiffs also bring several related state law claims.

ANSWER:     Defendant Officer admits that Plaintiffs bring a claim pursuant to 42 U.S.C. Section1983 and that Plaintiffs also bring several state law claims, but deny engaging in any conduct that would give rise to a cause of action under the laws alleged.

**Jurisdiction and Venue**

2.     This Court has jurisdiction of the action pursuant to 32 U.S.C. § 1983.

ANSWER:     Defendant Officer admits this Court has jurisdiction but deny engaging in any wrongful or illegal conduct.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

ANSWER: Defendant Officer admits venue is proper but denies engaging in any wrongful or illegal conduct.

**Background**

4. Richard Stoecklin and Pindai Stoecklin reside at 4847 W. Ainslie Street, Apartment 2, Chicago, Illinois. The apartment building is a wood frame two flat in a residential neighborhood.

ANSWER: Defendant Officer admits the allegations contained in this paragraph.

5. The building bears clear indicia that it is an apartment building, not a single family home, including multiple mail boxes on the front exterior of the building, one of which is marked "Stoecklin Apt. 2", and an exterior front stairway that leads to the front door of the Stoecklin's apartment on the send floor.

ANSWER: Defendant Officer admits that the building appears to be an apartment building and not a single family home, but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6. On January 31, 2008 at approximately 9:10 p.m., the Stoecklin's had just sat down to eat their dinner when they heard a loud boom at their front door and the sound of glass from the window of the door shattering and showering inside their apartment.

ANSWER: Defendant Officer is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Fearing a home invasion, the Stoecklins began to flee towards the rear door of their apartment.

ANSWER:   Defendant Officer admits that the occupants of the second floor apartment began running towards the rear of their apartment at some point in time, but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

8.   Approximately eight to ten Chicago Police officers with guns drawn came rushing into the apartment, and when the Stoecklins saw that they were police they stopped fleeing.

ANSWER:   Defendant Officer admits approximately five Chicago Police officers, who may have had their guns drawn, came rushing into the apartment, but is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.   The police officers did not knock on the Stoecklin's front door or announce themselves before breaking the door in and storming the apartment.

ANSWER:   Defendant Officer denies the allegations contained in this paragraph.

10.   The officers were shouting and ordering the Stoecklins down on the floor, but Mrs. Stoecklin was approximately eight months pregnant at the time ane could not comply.  Mrs. Stoecklin had begun to hyperventilate out of fear and police shouted at her to stop moving.

ANSWER:   Defendant Officer denies the allegations contained in this paragraph.

11.   Mr. Stoecklin got down on his knees and immediately told the police that his wife could not comply because she was pregnant.

ANSWER:   Defendant Officer denies the allegations contained in this paragraph.

12.   Mr. Stoecklin also told the police that they had the wrong guy but a Sergeant who appeared to be leading the raid told him that the police had the right guy and Mr. Stoecklin was handcuffed and frisked.

ANSWER:   Defendant Officer denies the allegations contained in this paragraph.

13.   An Asian-American appearing male Sergeant, who upon information and belief is

Defendant Eddie M. Yoshimura, and another officer, an African-American male, took Mr. Stoecklin into a bedroom and told him they had a warrant but did not produce a warrant or tell him what the warrant was for. Sergeant Yoshimura told Mr. Stoecklin that the police had him on tape buying heroin from a Cambodian named "Em."

ANSWER:   Defendant Officer denies the allegations contained in this paragraph.

14.   Stoecklin told Sergeant Yoshimura that was impossible because he had done no such thing but the Sergeant insisted that police had Stoecklin on tape buying selling or buying drugs, and told Stoecklin that he had better tell him what he wanted to know or he would take Mrs. Stoecklin to jail as well.

ANSWER:   Defendant Officer denies the allegations contained in this paragraph.

15.   When Mr. Stoecklin continued to deny any involvement with drugs Sergeant Yoshimura left the bedroom.

ANSWER:   Defendant Officer denies the allegations contained in this paragraph.

16.   Sergeant Yoshimura then went up to Mrs. Stoecklin and began shouting at her inches from her face in an intimidating manner, ordering her to tell him when her husband started doing drugs. When she begged the Sergeant not to take her husband away, he stated that he was not the one who married him.

ANSWER:   Defendant Officer denies the allegations contained in this paragraph.

17.   During this time the police officers were searching the apartment, going through drawers and throwing items on the floor.

ANSWER:   Defendant Officer admits that the apartment was searched, but denies the sequence of events and is without information or knowledge sufficient to form a belief as to the allegations contained in that paragraph.

18.   Plaintiffs landlord was doing work on the furnace in the attic at the rear of the building and came down to the second floor after hearing the commotion.

ANSWER:   Defendant Officer admits that Plaintiffs' landlord came to the second floor at some point in time, but is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Police told the landlord that they were looking for a Cambodian named "Em," and the landlord informed them that this individual lived in the first floor apartment.

ANSWER: Defendant Officer admits that police told the landlord they were looking for "Em" and the landlord informed them that this individual lived in the first floor apartment, but denies the remaining allegations contained in this paragraph.

20. Sergeant Yoshimura returned to the bedroom where Mr. Stoecklin was being detained and told the African-American officer, "We fucked up."

ANSWER: Defendant Officer denies the allegations contained in this paragraph.

21. Despite this, police made the Stoecklin's fill out information cards and the Sergeant continued to make statements in the presence of the landlord that if there were any more problems with the Stoecklins they would be evicted from their apartment.

ANSWER: Defendant Officer denies the allegations contained in this paragraph.

22. When Mr. Stoecklin argued that they had done nothing wrong, the Sergeant threatened to arrest him if he kept arguing.

ANSWER: Defendant Officer denies the allegations contained in this paragraph.

23. A few minutes after the police left, Mrs. Stoecklin fainted and collapsed to the floor. Mr. Stoecklin called 911 and paramedics came to the apartment.

ANSWER: Defendant Officer admit that the paramedics came to the apartment at some point in time, but is without information or knowledge sufficient to form a belief as to the remaining allegations contained in this paragraph.

24. While the paramedics were at the apartment one of the officers returned and walked unannounced back in to inquire about why the paramedics were there.

ANSWER: Defendant Officer denies the allegations contained in this paragraph to the extent they pertain to him, but is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

      25.      Mrs. Stoecklin declined to be taken to the hospital.

ANSWER:      Defendant Officer admits that Mrs. Stoecklin was not taken to the hospital but is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

      26.      The landlord nailed a board up over the Stoecklin's front door, but the apartment was very cold and the Stoecklin's slept in the back of the apartment with sheets over the door. Several of their tropical fish were dead the next day.

ANSWER:      Defendant Officer is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

      27.      Mr. Stoecklin stayed home from work the next day until the front door could be fixed so that it could be securely locked.

ANSWER:      Defendant Officer is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

      28.      Both Plaintiffs were extremely upset by this incident and Mrs. Stoecklin still has nightmares about it and is fearful in her own apartment.

ANSWER:      Defendant Officer denies the allegations contained in this paragraph.

## COUNT I

### Section 1983 - Fourth Amendment
### Unlawful Search

      29.      Each of the foregoing Paragraphs is incorporated as if restated fully herein.

ANSWER:      Defendant Officer restates his answers to each of the foregoing paragraphs as if restated fully herein.

30. As described more fully above, the Defendant Officers, acting under color of law and within the scope of their employment as Chicago Police Officers, improperly and unreasonable exceeded the scope of their lawful authority in conducting an unlawful and unreasonable search of Plaintiffs' residence, thereby violating the United States Constitution.

ANSWER: Defendant Officer admits that at all times relevant to the complaint he was acting under color of law and within the scope of his employment, but denies the remaining allegations contained in this paragraph.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

ANSWER: Defendant Officer denies the allegations contained in this paragraph.

32. As a result of the above-described wrongful infringement of Plaintiffs' rights, Plaintiffs suffered damages, including, but not limited to, mental distress and anguish.

ANSWER: Defendant Officer denies the allegations contained in this paragraph.

WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT II

### State Law Claim - Illinois Constitution
### Unlawful Search

33. Each of the foregoing Paragraphs 1 through 28 is incorporated as if restated fully herein.

ANSWER: Defendant Officer restates his answers to paragraphs 1 through 28 as if restated fully herein.

34. As described more fully above, the Defendant Officers, acting under color of law and within the scope of their employment as Chicago Police Officers, improperly exceeded the scope of

their lawful authority in conducting an unlawful and unreasonable search of Plaintiffs' residence, thereby violating Illinois law and the Illinois Constitution.

ANSWER: Defendant Officer admits that at all times relevant to the complaint he was acting under color of law and within the scope of his employment denies the allegations contained in this paragraph.

35. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER: Defendant Officer denies the allegations contained in this paragraph.

36. As a proximate result of this misconduct, Plaintiffs suffered damages, including, but not limited to, mental distress and anguish.

ANSWER: Defendant Officer denies the allegations contained in this paragraph.

WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT III

### State Law Claim
### Respondeat Superior

37. Each of the foregoing Paragraphs 1 through 28 is incorporated as if restated fully herein.

ANSWER: Defendant Officer restates his answers to each of the foregoing paragraphs as if restated fully herein.

38. In committing the acts alleged in the preceding paragraphs, Defendant Yoshimura and the other Officers were agents of the City of Chicago, and were acting at all relevant times within the scope of their employment.

ANSWER: Defendant Officer denies he and other officers committed the acts alleged in the

preceding paragraphs, but admits that at all times relevant to the complaint he was acting within the scope of his employment as a Chicago Police Officer.

      39.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

ANSWER:    Defendant Officer is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph because they amount to a legal conclusion.

      WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

## COUNT IV

### State Law Claim
### Indemnification

      40.     Each of the foregoing Paragraphs 1 through 28 is incorporated as if restated fully herein.

ANSWER:    Defendant Officer restates his answers to each of the foregoing paragraphs as if restated fully herein.

      41.     Illinois law provides that public entities are directed to pay any tort judgment for any compensatory damages for which employees are liable within the scope of their employment activities.

ANSWER:    Defendant Officer is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph because they amount to a legal conclusion.

      42.     Defendant Yoshimura and the other Officers, who all are or were employees of the City of Chicago, acted within the scope of their employment in committing the misconduct described herein.

ANSWER:    Defendant Officer denies committing the misconduct described herein, but admits that at all times relevant to the complaint he was an employee of the City of Chicago acting within the scope of his employment.

WHEREFORE Defendant Officer requests judgment in his favor and against Plaintiff, dismissal of the complaint with prejudice and other such relief as this Court deems appropriate.

### AFFIRMATIVE DEFENSES

1.    At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted him could have believed his actions to be lawful, in light of clearly established law and the information that he possessed. Defendant Officer, therefore, is entitled to qualified immunity on Plaintiff's Federal law claims.

2.    Defendant Officer is not liable for injuries arising out of the exercise of discretionary acts. See 745 ILCS 10/2-201 (1998).

3.    Defendant Officer is not liable for injuries claimed in the state law count because, as a public employee, he is not liable for acts or omissions in execution or enforcement of the law, unless his conduct constitutes wilful and wanton conduct. See 745 ILCS 10/2-202 (1998). Defendant Officer was engaged in the execution and enforcement of the law and did not engage in any wilful and wanton conduct.

4.    Defendant Officer is not liable for injuries claimed under the state law count because he is not liable for injuries caused by the acts or omission of other persons. See 745 ILCS 10/2-204 (1998).

5.      Any award of damages against Defendant Officer shall be reduced in proportion to the comparative fault of the Plaintiff's own intentional or wilful and wanton conduct which proximately caused the claimed injuries and damages.

### JURY DEMAND

Respectfully submitted,

/s/ Mary McCahill
MARY McCAHILL
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566 (Fax)
Atty. No. 06277989

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD STOECKLIN and PINDAI STOECKLIN, | ) ) No. 08 C 3243 ) |
| Plaintiff(s), | ) ) ) JUDGE PALLMEYER ) |
| v. | ) Magistrate Judge Valdez ) |
| CITY OF CHICAGO and EDDIE M. YOSHIMURA, Star No. 2334, | ) ) **JURY DEMAND** ) |
| Defendant(s). | ) |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:   Kurt H. Feuer
      LOEVY & LOEVY
      312 North May Street - Suite 100
      Chicago, IL 60607

PLEASE TAKE NOTICE that on August 29, 2008 I filed **DEFENDANT OFFICER YOSHIMURA'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**, with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division. A copy of that document is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered electronically to the person named above at the address shown this 29th day of August, 2008.

Respectfully submitted,

By:   /s/ Mary McCahill
      MARY MCCAHILL
      Assistant Corporation Counsel

30 N. LaSalle St., Suite 1400
Chicago, Illinois 60602
(312) 742-6404
(312) 744-6566
Attorney No. 06277989